# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| W.K. and M.G., : | |
| : | |
| **Plaintiffs** : | CIVIL ACTION NO. 3:16-0352 |
| : | |
| v : | |
| : | (JUDGE MANNION) |
| **PITTSTON AREA SCHOOL DISTRICT,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

Pending before the court is the defendant's motion to dismiss the plaintiffs' amended complaint in part. (Doc. 18). Upon review, the defendant's motion will be granted in part and denied in part.

By way of relevant background, the plaintiffs filed the instant action on February 26, 2016. (Doc. 1). On July 20, 2016, the court issued an order granting the plaintiffs' request for leave to file an amended complaint. (Doc. 16). The plaintiffs' amended complaint was filed the same day. (Doc. 17). On July 26, 2016, the defendant filed the pending motion to dismiss, (Doc. 18), along with a brief in support thereof, (Doc. 19). The plaintiffs filed an opposing brief on July 27, 2016. (Doc. 20). On August 2, 2016, the defendant filed a reply brief. (Doc. 21).

The defendant's motion to dismiss is brought, in part, pursuant to the provisions of Fed.R.Civ.P. 12(b)(1). Specifically, the defendant argues that the plaintiffs have failed to exhaust administrative remedies with respect to certain

requested relief. "A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." Vieth v. Pennsylvania, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002). The failure to exhaust administrative remedies is a jurisdictional issue and the appropriate device to raise this issue is a motion to dismiss under Rule 12(b)(1). See Batchelor v. Rose Tree Media Sch. Dist., 759 F.3d 266, 271 (3d Cir. 2014). A Rule 12(b)(1) dismissal is not a judgment on the merits, but only a determination that the court lacks the authority to hear the case. Swope v. Central York Sch. Dist., 796 F. Supp. 2d 592, 599 (M.D. Pa. 2011). Because the district court is a court of limited jurisdiction, the burden of establishing jurisdiction always rests upon the party asserting it. See Kokkonen v. Guardian Life. Ins. Co. of America, 511 U.S. 375, 377 (1994).

An attack on the court's jurisdiction may be either "facial" or "factual" and the "distinction determines how the pleading must be reviewed." Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack tests the sufficiency of the pleadings, while a factual attack challenges whether a plaintiff's claims fail to comport factually with jurisdictional prerequisites. Id. at 358; see also S.D. v. Haddon Heights Bd. of Educ., 833 F.3d 389, 394 n. 5 (3d Cir. 2016). If the defendant brings a factual attack, the district court may look outside the pleadings to ascertain facts needed to determine whether jurisdiction exists. Id.

Reviewing a facial attack, a district court must accept the allegations

2

stated in a plaintiff's complaint and review "only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (internal quotation marks omitted). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party. This is in marked contrast to the standard of review applicable to a factual attack, in which a court may weigh and 'consider evidence outside the pleadings.'" Aichele, 757 F.3d at 358 (quoting Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)) (internal citation omitted). An attack on jurisdiction based on a failure to exhaust remedies that is filed prior to answering the complaint is usually, "by definition, a facial attack" on the pleadings unless the defendant has offered factual averments in support of its motion. Haddon Heights, 833 F.3d at 394 n. 5.

The defendant's motion to dismiss is also brought, in part, pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state

3

a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l

4

Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

In their amended complaint, the plaintiffs allege that W.K., a student who resides within the bounds of the Pittston Area School District, has disabilities which impact his life and render him eligible for special education services under the Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. §1401, et seq. On May 1, 2014, W.K.'s mother, M.G., filed a special education due process hearing complaint against the School District alleging that the School District violated federal statutes by failing to adequately develop educational evaluations and special education programs for W.K.'s specific needs. On June 20, 2014, M.G. entered into a special education settlement agreement with the School District to resolve the complaint. This settlement resulted from a resolution session held under 20 U.S.C.

5

§1415(f)(1)(b).

The plaintiffs allege that the settlement agreement required the School District to establish a fund for compensatory education services in the amount of $20,000 to be used for, *inter alia*, "special education instruction, remedial and enrichment services provided by certified teachers or in licensed facilities or programs as indicated by the Student's needs." On August 31, 2015, M.G. requested that tuition be paid for W.K. to attend Holy Cross, a private school. On September 1, 2015, the School District rejected M.G.'s request to access W.K.'s compensatory education fund because the School District believed that "private school tuition for a non-special education placement is not a reimbursable item." Throughout the Fall of 2015, it was repeatedly requested that the School District reconsider its position, which the School District refused to do.

On December 9, 2015, the School District's counsel was provided with a list of approximately thirteen accommodations that W.K. was receiving at Holy Cross based upon his disability. Despite receiving this additional information, the School District continued to reject M.G.'s request for tuition payments out of the compensatory education fund/special education settlement agreement. The School District provided notice or information regarding the subsequent refusal to pay tuition to Holy Cross from the compensatory education fund/special education settlement.

Based upon the above allegations, the plaintiffs have brought the instant

action which contains five counts: Count I - Discrimination - Failure to Provide Services through Settlement Agreement (Discrimination Based on Deliberate Indifference under Section 504); Count II - Breach of Special Education Settlement Agreement (IDEA); Count III - Discrimination - ADA; Count IV - Procedural Due Process Violation - Fourteenth Amendment - Section 1983; and Count V - Demand for Attorney's Fees (IDEA, 20 U.S.C. §1415(i)(3)(B); RA, 29 U.S.C. §794(a); ADA, 42 U.S.C. §12133; 42 U.S.C. §1988). By way of the pending motion, the defendant has moved to dismiss Counts I, III, and IV of the amended complaint.

The defendant initially argues in its motion to dismiss that the plaintiffs' discrimination claims under Section 504 of the Rehabilitation Act, ("Section 504"), and the Americans with Disabilities Act, ("ADA"), must be dismissed because the plaintiff is seeking to enforce a contractual right, which is not a benefit or opportunity provided to any other student.

Section 504 and ADA claims are subject to the same analysis and thus may be addressed at the same time. See Weidow v. Scranton Sch. Dist., 460 Fed.Appx. 181, 184 (3d Cir. 2012) ("Because Congress has directed [that the ADA] be interpreted in a manner consistent with [the Rehabilitation Act], we will consider [Plaintiff's] claims under those statutes together.") (citation and internal quotation marks omitted) (first two alterations in original); Chambers ex rel Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 189 (3d Cir. 2009) (noting that because the same standards govern both

7

Rehabilitation Act and ADA claims, the court "may address both claims in the same breath").

Section 504 bars all federally funded entities from discriminating on the basis of disability, providing in relevant part, as follows:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. §794(a) (2002).

Title II of the ADA provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. §12132.

> With limited exceptions, the same legal principles govern ADA and RA claims. To prove a claim under either the ADA or RA, Plaintiffs must show that: (1) they are handicapped or disabled as defined under the statutes; (2) they are otherwise qualified to participate in the program at issue; and (3) they were precluded from participating in a program or receiving a service or benefit because of their disability.

CG v. Pa. Dep't of Educ., 734 F.3d 229, 234 (3d Cir. 2013) (citing Chambers ex rel. Chambers, 587 F.3d at 189).

Where, as in this case, a plaintiff seeks compensatory damages on a Section 504 or ADA claim, the plaintiff must also prove that the discrimination or denial of benefits at issue was intentional, or at least that the defendant

exhibited deliberate indifference to the underlying discrimination. Shadie v. Hazleton Area Sch. Dist., 580 Fed.Appx. 67, 70 (3d Cir. 2014).

In this case, the court agrees that the plaintiffs' Section 504 and ADA claims should be dismissed. To this extent, under either statute, the plaintiffs must establish that W.K. was discriminated against because of his disability. To do so, the plaintiffs must establish that he was either deprived of a benefit or opportunity provided to non-disabled students or that he was deprived of a benefit or opportunity provided to a group of students with some other category of disability. The gravamen of the plaintiffs' complaint, however, is that the defendant breached the parties' settlement agreement by failing to provide the plaintiffs access to the compensatory funds provided for under the agreement in order to pay for W.K.'s tuition at Holy Cross. The right to the compensatory funds is created by the agreement itself and is specific only to the plaintiff. Because this right is not a benefit conferred upon any other student, whether non-disabled or disabled under another category, the plaintiffs have failed to state a claim upon which relief can be granted. As such, the defendant's motion to dismiss will be granted on this basis.

Next, the defendant argues that the plaintiffs' procedural due process claim in Count IV of the complaint must be dismissed because the plaintiffs have failed to identify any "property interest" of which they were allegedly deprived. The defendant argues that the settlement agreement creates only a contractual right to the compensatory education funds and that there is

nothing in the agreement which establishes a property interest or an entitlement to due process before the School District can reject a request for reimbursement pursuant to the agreement.

Count IV of the plaintiff's complaint is brought pursuant to 42 U.S.C. §1983, which provides a private right of action as against:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .

42 U.S.C. §1983. This statute does not create substantive rights but instead "provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

To state a viable claim under §1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Lomax v. U.S. Senate Armed Forces Service Committee, 454 Fed.Appx. 93, 95 (3d Cir. 2011) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

In their amended complaint, the plaintiffs allege that W.K. was deprived of a property interest when the School District refused to pay for Holy Cross under the compensatory education fund and special education settlement.

The plaintiffs allege that the School District did so without due process. To the extent that the plaintiffs are claiming payments under the settlement agreement constitute their property interest, the court agrees that Count IV of the amended complaint should be dismissed. Even if the plaintiffs have a right to payments for tuition at Holy Cross, the failure of the School District to provide those payments would constitute only a breach of the settlement agreement and would not implicate the Fourteenth Amendment. See Community Country Day School v. Erie School District, 618 Fed.Appx. 89, 93 (3d Cir. 2015) (finding parents of students enrolled in private school did not have property interest in tuition reimbursement from school district, and district's refusal to pay tuition thus did not violate parents' due process rights, even if district's failure to continue payments constituted breach of settlement agreement). Thus the defendant's motion to dismiss will be granted on this basis as well.

As one form of relief, the plaintiffs request "[j]udgment for damages pertaining to educational and emotional harm associated with the District's refusal to pay for previously established services". The defendant argues that this request for damages should be dismissed pursuant Fed.R.Civ.P. 12(b)(1) because the court lacks jurisdiction based upon the plaintiffs' failure to exhaust administrative remedies.

In light of the above rulings, the plaintiffs have two claims which remain: a breach of special education settlement agreement claim (Count II) and a

claim for attorney's fees (Count V). The defendant does not challenge the court's jurisdiction over either of these claims, but only argues that the plaintiffs should have exhausted one of the forms of relief requested with respect to the breach claim. As discussed above, a Rule 12(b)(1) motion is appropriate where the court lacks jurisdiction to decide the merits of a claim. The court finds that it has jurisdiction over the plaintiffs' remaining claims, including the breach claim which, at this stage of the proceedings, it does not appear that the plaintiffs were required to exhaust prior to bringing the instant action. See, e.g., F.H. ex rel. Hall v. Memphis City Schools, 764 F.3d 638, 644-45 (6th Cir. 2014) (a breach of a settlement agreement claim brought pursuant to 20 U.S.C. §1415(f)(1)(B)(iii) need not be exhausted prior to filing suit in federal court). Whether the plaintiffs are entitled to the relief they request with respect to that claim is a separate matter to be decided. However, because the court has jurisdiction over the claim itself, the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) will be denied in this respect.

Finally, the defendant argues that the plaintiff's complaint should also be dismissed to the extent that they request as a form of relief that the court issue an order to place any monetary award into a third-party special needs trust and further order the defendant to pay for any costs and fees associated with the trust. Again, should the court determine that the plaintiffs' breach claim has any merit, it will then determine what relief is appropriate. Until then,

the defendant's motion to dismiss will be denied on this basis.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 10, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0352-01.wpd